IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHARON M. JAMES, :
:
    Plaintiff, :
:
v. : Civil Action No. 23-914-RGA
:
COLM F. CONNOLLY, et al., :
:
    Defendants. :

Sharon M. James, Wilmington, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 23, 2024
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Sharon M. James appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). The Court proceeds to screen her Complaint (D.I. 1). pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff names as Defendants the Chief Judge of this Court and the former Clerk of this Court. Her allegations center around her dissatisfaction with the outcomes of previous civil cases she filed in this Court. She appears to bring claims under 42 U.S.C. § 1983, 18 U.S.C. § 242, and the Code of Conduct for United States Judges. For relief, she appears to request impeachment of Defendants and $50 million in damages.

Plaintiff has filed a second motion for leave to proceed *in forma pauperis*[1] and to proceed before an Administrative Law Judge (D.I. 9) and a motion for default judgment (D.I. 11).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*,

---

[1] The Court granted IFP status two weeks before the second motion was filed. (*See* D.I. 8).

1

515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when

2

the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff's Complaint must be dismissed for several reasons.

First, the Chief Judge is entitled to judicial immunity against Plaintiff's claims. *See Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.") (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). The allegations against the Chief Judge make clear that he was performing his duties as a judicial officer. Similarly, the Clerk of Court is almost certainly entitled to a form of judicial immunity against the claims Plaintiff raises against him. *See Jarvis v. D'Andrea*, 599 F. App'x 35, 36 (3d Cir. 2015) (agreeing with the District Court as a secondary ground for affirmance that federal district court clerk of court was entitled to a form of judicial immunity); *Wallace v. Abell*, 318 F. App'x 96, 99 (3d Cir. 2009) (noting that "[a]n individual acting in a judicial capacity is absolutely immunized from a suit for money damages, . . . even if acting erroneously, corruptly or in excess of jurisdiction," and holding that a clerk of court "was absolutely immunized from a suit for damages for discretionary acts") (citations omitted).

To the extent that the Clerk of Court may not enjoy immunity against all of Plaintiff's claims, given that the Clerk of Court is a federal official rather than a state official subject to suit under § 1983, the Court construes Plaintiff's § 1983 claims as

having been brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff's claims, however, clearly do not fall within the three categories the Supreme Court has permitted for *Bivens* actions. *See Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017); *see also Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022). Accordingly, Plaintiff's claims fail for this additional reason.

Finally, Plaintiff's efforts to bring civil claims against Defendants under § 242, a federal hate crime statute, fail. The Third Circuit has long held that § 242 does not confer private rights of action. *See United States v. City of Phila.*, 644 F.2d 187, 198-99 (3d Cir. 1980) (holding that there is no private right of action under § 242); *see also Davis v. Warden Lewisburg USP*, 594 F. App'x 60, 61 n.3 (3d Cir. 2017) (per curiam) (noting that "§ 242 is a criminal statute, through which no private cause of action is created").

Plaintiff's second motion for leave to proceed *in forma pauperis* and to proceed before an Administrative Law Judge (D.I. 9) and motion for default judgment (D.I. 11) will be dismissed as moot.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). The Court finds that amendment is futile.

An appropriate Order will be entered.